# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAULA ANDREWS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:13-CV-1033-NAB |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Paula Andrews' ("Andrews") application for disability insurance benefits and supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 12.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will affirm the denial of benefits.

### I.    Issues for Review

Andrews presents two issues for review. First, Andrews contends that the administrative law judge ("ALJ") failed to give controlling weight to two treating sources' opinions without a sufficient rationale. Second, Andrews contends that the residual functional capacity assessment ("RFC") is conclusory and not supported by any rationale or substantial evidence.

**II.     Standard of Review**

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

**III.     Discussion**

Andrews alleged she was limited in her ability to work due to fibromyalgia, widespread muscle pain and weakness, numbness in her legs, chronic fatigue, post-traumatic stress disorder ("PTSD"), depression, recurrent urinary tract infections, kidney disease, sleep apnea, Vitamin D

deficiency, and memory and concentration problems. (Tr. 214.) In his decision, the ALJ found that Andrews had the severe impairments of degenerative disc disease, obesity, fibromyalgia, obstructive sleep apnea, major depressive disorder, and PTSD. (Tr. 14.) The ALJ determined that Andrews had the residual functional capacity to perform light work with the following limitations that she cannot climb ladders, ropes, or scaffolds; operate foot pedals, reach overhead bilaterally on more than an occasional basis; interact with the public; or engage in more than casual or infrequent contact with co-workers. (Tr. 18.) The ALJ also determined that she could occasionally stoop, kneel, crouch, or crawl; perform simple, routine, repetitive tasks in a low stress environment, and occasionally make decisions and endure changes in the work setting. (Tr. 18.) The ALJ found that she should avoid concentrated exposure to extreme cold, all operational control of moving machinery, working at unprotected heights, and the use of hazardous machinery. (Tr. 18.)

Andrews contends that the ALJ's RFC determination is conclusory and not based upon substantial evidence and that the ALJ erred in failing to give controlling weight to Dr. Sarah Cole and Dr. Daniel Yang, her treating physicians.

### A. Treating Physicians' Opinion Evidence

Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(c), 416.927(c); SSR 96-2p; *see also Hacker*, 459 F.3d at

937. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000). "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). "The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if [the conclusions] are inconsistent with the record as a whole." *Id.*

In this case, the Court finds that the ALJ did not err in failing to give controlling weight to the entire opinions of Dr. Cole or Dr. Yang. Both doctors treated Andrews for various ailments over an extended period of time. Dr. Yang completed a Physical RFC Assessment on November 22, 2011 and Dr. Cole completed a Physical RFC Questionnaire on September 30, 2010. (Tr. 713-715, 751-755.) The ALJ gave portions of both opinions little weight. (Tr. 22.) The ALJ stated that Dr. Cole's opinion that Andrews could occasionally lift less than 10 pounds and would be absent from work four or more days per month was not supported by a majority of the objective medical evidence. (Tr. 22.) He also determined that Dr. Yang's opinion that Andrews would need numerous unscheduled breaks during the workday and be absent four or more days per month was not supported by a majority of the objective medical evidence. (Tr. 22.)

One of the primary factors in evaluating opinion evidence is whether it is consistent with the evidence as a whole. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Based on a review of the entire medical record, the extreme limitations contained in the doctors' opinions were inconsistent with the other objective medical evidence. Andrews has received a substantial amount of medical treatment during the past few years and has received examinations by

4

numerous doctors in addition to Drs. Cole and Yang. It is clear that Andrews has some severe impairments, but the doctors' contentions that she would need to miss more than four days of work per month, need to take numerous unscheduled breaks, and would be unable to lift less than 10 pounds occasionally were not supported by other evidence in the record. Therefore, the Court finds that the ALJ did not err in failing to give those particular portions of the doctors' opinions controlling weight.

B. RFC Determination

Next, Andrews contends that the RFC determination was not supported by substantial evidence. RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

Andrews contends that the RFC determination is not supported by any rationale and is conclusory. The Court disagrees. The ALJ gave a thorough summary of the medical evidence, Andrews' physical and mental impairments, and the limitations caused by the impairments with support in the record. The Court finds that the ALJ provided a sufficient narrative discussion of the medical evidence and how it supports the conclusions reached. Andrews also contends that

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

5

the ALJ did not discuss her ability to sit, stand, lift, carry, push, or pull.  Light work is defined in the social security regulations and the definition includes guidelines for lifting, carrying, sitting, and standing.  *See* 20 C.F.R. §§ 404.1567(b), 416.967(b).  The RFC determination clearly accounts for pushing and pulling with limitations regarding Andrews' use of foot controls and reaching overhead.  Although the ALJ gave little weight to portions of the physical RFC assessments given by Drs. Cole and Yang, there is a substantial amount of additional evidence in the medical record regarding Andrews' physical limitations from a variety of doctors, including the treatment records of Drs. Cole and Yang.  The evidence demonstrates that Andrews has some restrictions in her functioning and ability to perform work related activities, however, she did not carry her burden to prove a more restrictive RFC determination.  *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC).  The Court finds that the RFC determination is supported by substantial evidence in the record as a whole; therefore, the Court will affirm the ALJ's decision.

Accordingly,

**IT IS HEREBY ORDERED** that the request for relief in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**.  [Docs. 1, 15.]

**IT IS FURTHER ORDERED** that judgment will be entered in favor of the Defendant in a separate order.

Dated this 1st day of July, 2014.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE